### THE MEMAS.
#### No. A–16053.

District Court, E. D. New York.
Nov. 27, 1940.

On Reargument Jan. 13, 1941.

Melton, Lebovici & Arkin, of New York City (Herbert Lebovici, of New York City, of counsel), for libelants.

Dow & McAllister, of New York City, for claimant-respondent.

ABRUZZO, District Judge.

This is a motion for an order of this court declining to take jurisdiction over this cause of action and directing the dismissal of the libel.

The libel demands the balance of wages due, war bonus and repatriation to Greece. According to the affidavit of Nicolos Courbellis, of the Royal Consulate General of Greece in New York City, the five libelants, members of the crew of the S/S Memas, were fully paid off until August 30, 1940.

The libelants concede that on September 10, 1940, they were paid up until August 30, 1940. They contend, however, that they were not discharged from the vessel until September 21, 1940, at which time twenty-one days pay was due them. They are also demanding extra wages as well as repatriation to Greece because of their being paid off in a foreign country.

The claimant-respondent contends that by reason of the treaty in effect between the United States and the Kingdom of Greece, this court cannot take jurisdiction.

However, under the circumstances, these libelants are entitled to a trial of this action, especially in view of the fact that the facts are in dispute. The LaFollette Seamen's Act, 38 Stat. 1164, governs this matter. This action comes squarely within the purview of the case of Strathearn Steamship Company, Limited, v. John Dillon, 252 U.S. 348, 40 S.Ct. 350, 64 L.Ed. 607, in which the Supreme Court of the United States has ruled clearly that under the LaFollette Seamen's Act, 46 U.S.C.A. § 597, access has been given to seamen on foreign vessels to the courts of the United States.

Motion denied.

Settle order on notice.

#### On Reargument.

This is a motion for a reargument of the motion for an order of this court declining to take jurisdiction over this cause of action and directing the dismissal of the libel.

Previously, on November 27, 1940, the court denied the motion. D.C., 35 F.Supp. 661.

Upon reargument, however, it appears that the case of Strathearn Steamship Company, Limited v. John Dillon, 252 U.S. 348, 40 S.Ct. 350, 64 L.Ed. 607, is somewhat distinguishable from the matter at bar.

These five libelants claim the balance of wages due, war bonus and repatriation to Greece.

There is no doubt that their wages were paid up to September 1, 1940. The libelants contend that wages are still due them from September 1, 1940 to September 21, 1940. This could be the only point that could be litigated in this court.

The claim for war bonus and repatriation are matters to be left entirely in the hands of the Greek Consulate by reason of the treaty in effect between the United States and the Kingdom of Greece. Further consideration of the LaFollette Seamen's Act, 38 Stat. 1164, indicates that this act did not take these matters from the jurisdiction of the Greek Consulate.

As to the question of wages which are claimed to be unpaid from September 1, 1940 to September 21, 1940, this can be readily adjusted by leaving the jurisdiction with the Greek Consulate.

Libel dismissed.